FIRST NATIONAL BANK OF BERESFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
First Nat'l Bank v. Commissioner
Docket No. 34434-84.
United States Tax Court
T.C. Memo 1986-95; 1986 Tax Ct. Memo LEXIS 516; 51 T.C.M. (CCH) 587; T.C.M. (RIA) 86095; March 10, 1986. Danny R. Smeins and Frank L. Farrar, for the petitioner. James C. Lanning, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent has moved for the dismissal of this case due to lack of jurisdiction premised upon the ground that a petition was not filed within 90 days of mailing of the statutory notice *517 of deficiency as required in section 6213(a). [1] Petitioner admits that its petition was filed 297 days after the notice was mailed, but counters that respondent did not send the notice to its "last known address" as required in section 6212. Although the notice was addressed to the address shown on petitioner's return, petitioner contends that respondent was aware and/or advised to send the notice to petitioner's representatives. During the period in question, Frank L. Farrar (Farrar) "owned" but was not an officer of, the First National Bank of Beresford, Beresford, South Dakota (petitioner), and he was also an attorney familiar with tax matters and admitted to practice before this Court. During the course of the audit, respondent's agents contacted Farrar in his Britton, South Dakota, law office, which was 225 miles from petitioner's place of business. For example, when the agent wished to extend the statute of limitations on assessment, he would go to Farrar's office in Britton (rather than petitioner's location--Beresford, South Dakota) and Farrar would *518 arrange to have the document executed on petitioner's behalf. [2] Farrar did not have a power of attorney regarding petitioner. The actual review of the books and records was accomplished at petitioner's place of business in Beresford. Additionally, petitioner engaged Peat, Marwick, Mitchell & Co. (Peat, Marwick) as its auditor. Peat, Marwick was located in Des Moines, Iowa, and was given a power of attorney for 1977, 1978 and 1979. The power of attorney designated a Peat, Marwick employee as an addressee for "copies of notices and other written communications * * *." At the conclusion of the examination, Farrar stated "that [he advised respondent's agent that petitioner] would not accept the case, and to go ahead and send the Statutory Notices to me, and [the agent] said he would do that, and [Farrar] never heard [from respondent]." Farrar also stated that the statutory notice in question was never received by Farrar or Peat, Marwick and that petitioner may have been sent a notice, but there is no current record or evidence that it was received by petitioner. Petitioner was first aware of the possibility that a notice may have been issued when it received tax bills for *519 the years in question reflecting that the deficiencies had been assessed. [3] Farrar wrote to respondent several times after petitioner received the tax bills, but has not yet received a copy of the notice in this case. Respondent's agent sent the examination report (so-called 30-day letter) to petitioner at Beresford, South Dakota, and the transmittal letter advised that the report concerned taxable years in addition to those set forth in the power of attorney (presumably the one concerning Peat, Marwick) and that no copy could be sent to petitioner's representative.Respondent's agent asserted that "no one suggested to [him] that notices * * * be sent to any address other than that of the *520 [petitioner's] place of business in Beresford, South Dakota * * *." The pivotal question is whether an oral statement to direct the notice to a different address (from that shown on the return) by one who does not possess a power of attorney or who is not an officer of petitioner, would affect the "last known address" within the meaning of section 6212. Recognizing that there is a direct conflict in the evidence, we assume fro purposes of this discussion that Farrar requested that respondent's agent forward the notice to him. Failure of respondent to send a copy of a notice to petitioner's representative who, under a power of attorney, was entitled to copies is of no effect. In this instance, respondent may have been justified in failing to send petitioner's representative a copy of the notice because the power of attorney was for three taxable years and the subject notice pertained to more than those three taxable years. See sec. 6103; ; . The power of attorney in this case reflected petitioner's address in Beresford, South Dakota, and *521 not at Farrar's address in Britton, South Dakota. The power of attorney was signed by Robert Knapke, president of petitioner. All correspondence from Farrar to respondent's agents reflected an "in re" showing petitioner's address in Beresford, South Dakota.Assuming that Farrar told respondent's agent to "send the Statutory Notices to me," that is not sufficient "notice" to change petitioner's "last known address" within the meaning of section 6212 under the circumstance of this case. . The overwhelming weight of evidence in this case reflects that respondent, petitioner and petitioner's representative (Peat, Marwick) had consistently treated Beresford as petitioner's address.All correspondence and the power of attorney support that conclusion. Farrar's request to "send the * * * notices to me," does not necessarily change the address, since Farrar was the "owner" of petitioner and could ostensibly receive mail at the bank he owned. Further, and more significantly, Farrar was not a legal representative or agent of petitioner and clearly did not have the authority to act on behalf of petitioner. Indeed, when it was *522 necessary to sign a consent to extent a statute of limitations on assessment, is was necessary to forward it to petitioner's president, Robert Knapke, for execution. Moreover, Farrar, an experience tax lawyer and representative of clients before the Internal Revenue Service, could be expected to recognize the need for a written or more formal method of changing a "last known address" within the meaning of section 6212. We accordingly hold that respondent has met the statutory requirement of mailing a statutory notice to petitioner's "last known address" and that the petition is untimely so as to justify the dismissal of this case for lack of jurisdiction. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the time in question.↩
2. Although Mr. Farrar testified that all transactions and correspondence with respondent occurred or were received in his office in Britton, S.D., the documents in the record were all addressed to petitioner at Beresford, S.D.↩
3. We find it rather curious that the statutory notice which is the focal point of this motion to dismiss has not been made a part of the record in this case although there is evidence of its mailing and acknowledgment by petitioner that it was sent or mailed.↩